COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

ALFONSO
ELOY GAYOSSO,                           )                    No. 
08-01-00158-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      358th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                   of Ector County, Texas

                                                                              )

Appellee.                           )                        (TC# D-28,539)

 

 

O
P I N I O N

 

Alfonso
Eloy Gayosso appeals his
conviction for the offense of possession of more than five but less than fifty
pounds of marihuana.  A jury found
Appellant guilty and assessed punishment at a fine of $1,000 and imprisonment
for a term of four years.  We affirm.

FACTUAL SUMMARY

A
confidential informant told officers with the Odessa Police Department and the
West Texas Narcotics Task Force that Gonzalo Ramon was selling marihuana.  According to the CI, once he had placed his
order with Ramon, a Hispanic male driving a red and white Bronco would deliver
the marihuana to the residence.  Through
the CI, the officers set up a controlled buy of three pounds of marihuana from
Ramon on January 21, 2000.  








The
CI placed his order, and Ramon called Appellant and asked him to transport
three pounds of marihuana to the residence. 
Appellant arrived at Ramon=s
home and delivered the marihuana to Ramon, who in turn, gave it to the CI.  The CI gave the bust signal and Appellant,
Ramon, and the CI were arrested.  The
officers found three pounds of marihuana in the CI=s
vehicle.  After receiving his Miranda[1]
warnings, Appellant told the officers that he had an additional forty-six or
forty-seven pounds of marihuana at his residence, along with packaging
materials and scales.  He also gave a
written statement admitting that he kept Ramon=s
marihuana at his residence and delivered it to him upon request.  Ramon paid Appellant $20 for every pound of
marihuana he sold.  Appellant consented
to a search of his residence.  He
accompanied the officers to his residence and directed them to a storage
building where they found approximately forty-six pounds of marihuana.

Officers
from the Street Crimes Unit of the Odessa Police Department seized the
marihuana.  At trial, the State did not
introduce the marihuana into evidence nor did it put on the testimony of the
officers who actually seized the marihuana and booked it into evidence.  Shelly Stanford, a criminalistics
technician with Odessa Police Department, testified without objection that she
took the marihuana which had been recovered from Gonzalo Ramon and Appellant to
the Department of Public Safety lab for testing.[2]  Appellant did not object to the admission of
the DPS lab report which reflected that the substance submitted by Stanford for
testing was 46.46 pounds of marihuana. 
That report also reflects Appellant=s
name and an offense date of January 21, 2000. 
The jury found Appellant guilty of possessing more than five but less
than fifty pounds of marihuana as alleged in the indictment.








 

LEGAL SUFFICIENCY

In his sole point of error, Appellant complains that
the trial court erred in denying his motion for an instructed verdict because
the State failed to establish a chain of custody for the marihuana, and
consequently, there was no connection shown between the marihuana recovered at
Appellant=s
residence and the marihuana tested by the DPS lab.  Such an argument is in reality a challenge to
the legal sufficiency of the evidence supporting his conviction.  Brimage v. State, 918 S.W.2d 466, 470 & n.3 (Tex.Crim.App. 1994); Madden v. State, 799 S.W.2d
683, 686 & n.3 (Tex.Crim.App. 1990).  Therefore, we will apply the standard of
review applicable to a legal sufficiency challenge.  If the evidence is sufficient to sustain the
conviction, the trial judge properly overruled Appellant=s
motion for instructed verdict.         








In
reviewing the legal sufficiency of the evidence to support a criminal
conviction, we must review all the evidence, both State and defense, in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). 
This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony,
to weigh the evidence, and to draw reasonable inferences from basic to ultimate
facts.  Jackson, 443 U.S. at 319,
99 S.Ct. at 2789, 61 L.Ed.2d at 573.  We do not resolve any conflict of fact or
assign credibility to the witnesses, as it was the function of the trier of fact to do so. 
See Adelman v. State, 828 S.W.2d 418,
421 (Tex.Crim.App. 1992); Matson v. State, 819
S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is only to determine if
both the explicit and implicit findings of the trier
of fact are rational by viewing all of the evidence admitted at trial in a
light most favorable to the verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson, 819 S.W.2d at 843.   Further, the standard of review is the same
for both direct evidence and circumstantial evidence cases.  Geesa, 820 S.W.2d at 158.

The
State did not introduce the marihuana into evidence at trial but instead
offered evidence from various sources, including the DPS lab report, to prove
that Appellant possessed more than five but less than fifty pounds of marihuana
as alleged in the indictment.  Given that
the State did not introduce the marihuana into evidence at trial and Appellant
lodged no objection to the lab report, the chain of custody argument is
irrelevant.  We will review Appellant=s argument as challenging the
sufficiency of the evidence to prove that he possessed marihuana.








Numerous
law enforcement officers testified that they found a large amount of marihuana at Appellant=s residence.  At least one officer stated that the
marihuana weighed approximately forty-six pounds.  It is well established that an experienced
peace officer may be qualified to testify that a certain green leafy plant
substance is marihuana.  See Fierro v. State, 706 S.W.2d 310, 318
(Tex.Crim.App. 1986). 
Appellant did not object to the opinion offered by any of the witnesses that  the green leafy
substance found at Appellant=s
residence was marihuana.  Further,
Appellant=s own admissions to the officers that he possessed forty-six
pounds of marihuana is sufficient to sustain his conviction even without the
substance being admitted into evidence.  See
Roberts v. State, 9 S.W.3d 460, 462 (Tex.App.‑-Austin 1999, no pet.).  Based upon this evidence, a rational trier of fact could have found that the State proved each
element of the offense beyond a reasonable doubt.  Point of Error No.
One is overruled.  Having overruled
Appellant=s sole point
of error, we affirm the judgment of the trial court.

 

 

July 25, 2002

 

ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]  Miranda v. Arizona, 384 U.S.
436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).





[2]  During her
testimony, Stanford made reference to three boxes or exhibits and the tracking
numbers contained on them as well as evidence tags.  Presumably, the boxes contained the
marihuana.